**SOUTHERN NATURAL GAS COMPANY et al., Petitioners,**

**v.**

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

Nos. 76–3914, 76–3971 to 76–3991, 76–4433 and 77–1364.

United States Court of Appeals, Fifth Circuit.

Dec. 19, 1977.

Roy R. Robertson, Jr., Ronald L. Kuehn, Birmingham, Ala., for Southern Natural Gas Co. in 76–3914 and intervenor in 76–3991.

Karol Lyn Newman, Washington, D. C., for Consolidated Gas Supply Corp. in 76–3971 and intervenor in Nos. 76–3914, 76–3991 and 76–4433.

J. David Mann, Jr., Washington, D. C., for Laclede Gas Co. in Nos. 76–3990 and intervenor in 76–3914.

Platt W. Davis, III, Washington, D. C., for Texas Eastern Transmission Corp. in 76–3991, and intervenor in Nos. 76–3971, 76–3990, 76–3914 and 76–4433.

Allan Abbot Tuttle, Sol., Diexel D. Journey, Gen. Counsel, John J. Lahey, Atty., Federal Power Commission, Washington, D. C., for Federal Power Commission.

Andrew P. Carter, New Orleans, La., for Louisiana Power & Light Co. in Nos. 76–3914, 76–3990 and 76–3971.

Christopher T. Boland, Washington, D. C., for Texas Gas Transmission Corp. in Nos. 76–3914, 76–3990, 76–3991 and 76–3971.

Edward J. Grenier, Jr., Washington, D. C. (lead counsel in 76–3990), for General Motors Corp. in Nos. 76–3914 and 76–3990.

Floyd I. Robinson, Washington, D. C., lead counsel, for General Motors Corp. in Nos. 76–3914, 76–3971, 76–3991 and 76–4433.

John T. Miller, Jr., Washington, D. C., for Allied Paper Inc., Monsanto Co., and Texasgulf Inc. in Nos. 76–3914, 76–3991, 76–3990, 76–3971 and 76–4433.

William T. Miller, Washington, D. C., for United Municipal Distributors in Nos. 76–3971, 76–3990, 76–3991, 76–3914 and 76–4433.

Michael J. Manning, Washington, D. C., for Entex, Inc. & La. Gas Service Co. in Nos. 76–3971, 76–3990, 76–3991, 76–3914 and 76–4433.

David B. Robinson, Washington, D. C., for State of Louisiana in Nos. 76–3971, 76–3990, 76–3991 and 76–3914.

Jerome Ackerman, Nicholas Fels, Washington, D. C., for Air Products & Chemical, Inc., et al. in Nos. 76–3971 and 76–3914.

William W. Bedwell, Washington, D. C., for Miss. River Transmission in Nos. 76–3971, 76–3990, 76–3914 and 76–3971.

John S. Schmid, Washington, D. C., for Bay State Gas Co., et al. in Nos. 76–3990, 76–3991, 76–3971 and 76–3914.

Richard A. Solomon, Washington, D. C., for Public Service Comm. of the State of N. Y. in Nos. 76–3990, 76–3991 and 76–4433.

Stephen J. Small, Charleston, W. Va., for Columbia Gas Transmission Corp. in Nos. 76–3990, 76–3914, 76–3991 and 76–3971.

Barbara M. Gunther, Brooklyn, N. Y., for Brooklyn Union Gas Co. & Elizabethtown Gas Co. in Nos. 76–3990 and 76–3991.

James R. Lacey, Newark, N. J., for Public Service Elec. & Gas Co. in Nos. 76–3990, 76–3914, 76–3991 and 76–3971.

Daniel J. Roberts, II, Providence, R. I., for New England State in Nos. 76–3990, 76–3991, 76–3914 and 76–3971.

George F. Bruder, Washington, D. C. (Substituted 11/28/77 for Howard E. Wahrenbrock, Washington, D. C., who argued), for Mobile Gas Service Corp., and Clarke-Mobile Counties Gas Dist. in Nos. 76–3991 and 76–3914.

Francis J. McShalley, Washington, D. C., for Algonquin Gas Transmission Corp. in No. 76–3991.

John M. Kuykendall, Jr., Jackson, Miss., for Miss. Valley Gas Co. in No. 76–3914.

Albert J. Feigen, Washington, D. C., for American Sugar Cane League of the U.S.A., Inc. in Nos. 76–3914 and 76–3971.

Jon D. Noland, Indianapolis, Ind., for Indiana Gas Co., Inc. in No. 76–3991.

Gordon P. MacDougall, Washington, D. C., for Pa. Public Utility Commission in No. 76–3971.

Harold L. Talisman, Washington, D. C., for Alabama Gas Corp. in Nos. 76–3991 and 76–3914.

Stephen Schachman, Philadelphia, Pa., for Philadelphia Gas Works in Nos. 76–3971 and 76–3914.

Clayton L. Orn, Houston, Tex., for N. O. Public Service, Inc.

Richard M. Merriman, Washington, D. C., for Miss. Power & Light Co.

Dennis J. Roberts, II, Providence, R. I., for Connecticut Public Utilities Control Authority, et al. in No. 77–1364.

W. DeVier Pierson, Ross F. Hamachek, Washington, D. C., for United Gas Pipe Line Co. in Nos. 76–3971, 76–3990, 76–3991, 76–3914 and 76–4433.

Before CLARK, RONEY and TJOFLAT, Circuit Judges.

ORDER ON MOTIONS FOR CLARIFICATION OR REHEARING AND MOTION TO DEFER ISSUANCE OF MANDATE

PER CURIAM:

In *Southern Natural Gas Co. v. FPC*, 543 F.2d 530 (5th Cir. 1976), this Court ordered into effect a modified four-priority curtailment plan for United Gas Pipe Line Company. The Court's subsequent decision in *Southern Natural Gas Co. v. FPC*, 547 F.2d 826 (5th Cir. 1977), *inter alia*, approved the Commission's acceptance of another plan proposed by United which was to supersede the court-ordered plan. United has now moved to stay issuance of the mandate in the latter decision. United's premise is that the Commission contemplates completion of yet a third plan, this one a permanent plan under Section 5 of the Act, 15 U.S.C. Section 717d (1970), and United would prefer to continue with the court-ordered plan without fear of having to switch its delivery priorities twice during the current winter heating season. The Commission, as do almost all of the other respondents, generally supports United's motion.

Agreeing with the need to avoid disruption of deliveries, we order that the court-ordered plan of November 13, 1976, continue in effect. We defer issuance of the mandate from our February 1, 1977 decision until the Commission has issued its final order in Phase II of the Section 5 proceedings and the resulting plan goes into effect. We reject United's suggestion that this Court should now make provision for a

"transition period" to follow the Commission's order. Motions to stay pending review may be made when they become timely. *See* 15 U.S.C. Section 717r(c) (1970).

By granting the motion to defer, the Court does not intend in any way to relieve the Commission of its immediate and continuing responsibility to resolve the Phase II proceedings and produce a just and reasonable curtailment plan in this case. If it should appear that the Commission's Phase II plan, when adopted, will not take effect before the 1978–79 winter heating season, parties may make such motions with respect to issuance of the February 1, 1977 mandate as they deem appropriate. The Court defers all motions for clarification or rehearing of the February 1 decision until such time as a ruling on them appears to be required.

MOTION GRANTED.