**SOUTHERN NATURAL GAS COMPANY,** Consolidated Gas Supply Corporation, Laclede Gas Company, Texas Eastern Transmission Corporation, Public Service Commission of the State of New York and Connecticut Public Utilities Control Authority, et al., Petitioners,

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

Nos. 76–3914, 76–3971, 76–3990, 76–3991, 76–4433 and 77–1364.

United States Court of Appeals, Fifth Circuit.*

Sept. 1, 1983.

Roy R. Robertson, Jr., Ronald L. Kuehn, Birmingham, Ala., for Southern Natural

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

Gas Co. in No. 76–3914 and intervenor in No. 76–3991.

John E. Holtzinger, Jr., Karol Lyn Newman, Washington, D.C., Henry P. Sullivan, Richard B. Gordon, Pittsburgh, Pa., Norman A. Flaningam, Washington, D.C., James Wright, Jr., New Orleans, La., for Consolidated Gas Supply in No. 76–3971 and intervenor in Nos. 76–3991, 76–3994 and 76–4433.

J. David Mann, Jr., Washington, D.C., Richard L. Eckhart, St. Louis, Mo., for Laclede Gas Co. in No. 76–3990 and intervenor in No. 76–3914.

Platt W. Davis, III, Thomas L. Wylie, Washington, D.C., J. Evans Attwell, Jack D. Head, Houston, Tex., for Texas Eastern Transmission Co. in No. 76–3991 and intervenor in Nos. 76–3971, 76–3990, 76–3914 and 76–4433.

Peter H. Schiff, Albany, N.Y., Richard A. Solomon, Sheila S. Hollis, Washington, D.C., for Public Service Com'n of State of N.Y. in Nos. 76–3900, 76–3914, 76–4433 and 76–3991.

Dennis J. Roberts, II, Atty. Gen., R. Daniel Prentiss, Sp. Asst. Atty. Gen., Providence, R.I., for Conn. Public Utilities Control Com'n, et al. in No. 77–1364.

Allan A. Tuttle, Sol., Drexel D. Journey, Gen. Counsel, Jerome M. Feit, Sol., John J. Lahey, Atty., F.P.C., Washington, D.C., for F.P.C.

Andrew P. Carter, New Orleans, La., for Louisiana Power & Light Co. in Nos. 76–3914, 76–3990 and 76–3971.

Christopher T. Boland, Washington, D.C., for Texas Gas Transmission Corp. in Nos. 76–3914, 76–3990, 76–3991 and 76–3971.

Edward J. Grenier, Jr., Floyd I. Robinson, Washington, D.C., for General Motors Corp. in Nos. 76–3914, 76–3990, 76–3971, 76–3991 and 76–4433.

John T. Miller, Jr., Washington, D.C., for Allied Paper Inc., Monsanto Co. and Texasgulf Inc. in Nos. 76–3914, 76–3991, 76–3990, 76–3971 and 76–4433.

William T. Miller, Washington, D.C., for United Municipal Distributors in Nos. 76–3971, 76–3990, 76–3991, 76–3914 and 76–4433.

Michael J. Manning, Washington, D.C., for Entex, Inc. and La. Gas Service Co. in Nos. 76–3971, 76–3990, 76–3991, 76–3914 and 76–4433.

David B. Robinson, Washington, D.C., for State of La. in Nos. 76–3971, 76–3990, 76–3991 and 76–3914.

Jerome Ackerman, Nicholas Fels, Washington, D.C., for Air Products & Chemical, Inc., et al. in Nos. 76–3971 and 76–3914.

John B. Rudolph, Washington, D.C., for Miss. River Transmission in Nos. 76–3971, 76–3990, 76–3914 and 76–3971.

John S. Schmid, Washington, D.C., for Bay State Gas Co., et al. in Nos. 76–3990, 76–3991, 76–3971 and 76–3914.

Stephen J. Small, Charleston, W.Va., for Columbia Gas Transmission Corp. in Nos. 76–3990, 76–3914, 76–3991 and 76–3971.

Barbara M. Gunther, Brooklyn, N.Y., for Brooklyn Union Gas Co. and Elizabethtown Gas Co. in Nos. 76–3990 and 76–3991.

James R. Lacey, Newark, N.J., for Public Service Elec. & Gas Co. in Nos. 76–3990, 76–3914, 76–3991 and 76–3971.

Dennis J. Roberts, II, Atty. Gen., Providence, R.I., for New England State in Nos. 76–3990, 76–3991, 76–3914 and 76–3971.

Francis J. McShalley, Washington, D.C., for Algonquin Gas Transmission Corp. in No. 76–3991.

John M. Kuykendall, Jr., Jackson, Miss., for Miss. Valley Gas Co. in No. 76–3914.

Albert J. Feigen, Washington, D.C., for American Sugar Cane League of the U.S.A., Inc. in Nos. 76–3914 and 76–3971.

Jon D. Noland, Indianapolis, Ind., for Ind. Gas Co., Inc. in No. 76–3991.

Gordon P. MacDougall, Washington, D.C., for Pa. Public Utility Com'n in No. 76–3971.

Peter L. Hutton, Washington, D.C., for Ala. Gas Corp. in Nos. 76–3991 and 76–3914.

Stephen Schachman, Philadelphia, Pa., for Philadelphia Gas Works in Nos. 76–3971 and 76–3914.

Clayton L. Orn, Houston, Tex., for N.O. Public Service, Inc.

Richard M. Merriman, Washington, D.C., for Miss. Power & Light Co.

John B. Rudolph, Washington, D.C., for Miss. River Transmission Corp. in Nos. 76–3971, 76–3990 and 76–3914.

W. DeVier Pierson, Ross F. Hamachek, Knox Bemis, Washington, D.C., for United Gas Pipe Line Co. in Nos. 76–3971, 76–3990, 76–3991, 76–3914 and 76–4433.

Before CHARLES CLARK, RONEY and TJOFLAT, Circuit Judges.

BY THE COURT:

This order is hopefully the last in a multitude of orders entered by this court in proceedings begun approximately ten years ago. The proceedings began in 1973 when the Federal Power Commission (FPC), acting pursuant to its powers under section 5(a) of the Natural Gas Act (NGA), 15 U.S.C. § 717d(a) (1976),[1] found United Gas Pipe Line Company's (United) existing curtailment plan invalid, and implemented a new curtailment plan. On review of that decision in 1974, this court held that the FPC had not found United's existing plan "unjust, unreasonable, unduly discriminatory, or preferential" as required by section 5(a), and thus could not implement a new plan. *Louisiana v. FPC,* 503 F.2d 844, 861 (5th Cir.1974). We therefore remanded to the FPC for further hearings on the validity of the plan. However, because we believed that the FPC could quickly comply with the section 5 requirements, and to avoid needless disruption of the pipeline caused by a mid-season switch back to the original plan, we allowed the pipeline to continue operating under the new curtailment plan. *See Louisiana Power & Light Co. v. FPC,* 526 F.2d 898, 901 (5th Cir.1976).

The FPC held additional hearings in 1975 and found United's original plan "unjust, unreasonable, unduly discriminatory, or preferential," and again ordered the implementation of the new plan. On review of this order in 1976, we held that the FPC had properly adhered to section 5 procedure, but that its finding that United's original plan was "unjust, unreasonable, unduly discriminatory, or preferential" was not supported by substantial evidence.[2] *Louisiana Power & Light Co.,* 526 F.2d 898. We therefore remanded to the FPC to allow it the opportunity to hold further evidentiary hearings to receive sufficient evidence to support its order. Again, however, to avoid needless disruption we allowed the pipeline to continue operating under the new plan during the time required to hold these hearings. We stated, though, that if the FPC did not properly support its order within one year, we would reinstate United's original plan.

While the FPC conducted its section 5 evidentiary hearings, United, acting pursuant to section 4(e) of the NGA, 15 U.S.C. § 717c(e) (1976),[3] filed a new temporary

---

**1.** Section 5(a) of the NGA provides in pertinent part:

Whenever the Commission, after a hearing had upon its own motion . . . shall find that any . . . classification . . . observed . . . by any natural-gas company in connection with any transportation or sale of natural gas, subject to the jurisdiction of the Commission, or that any . . . practice, or contract affecting such . . . classification is unjust, unreasonable, unduly discriminatory, or preferential, the Commission shall determine the just and reasonable . . . classification, . . . practice, or contract to be thereafter observed and in force, and shall fix the same by order.

**2.** *See* 15 U.S.C. § 717r(b) (1976).

**3.** Section 4(e) of the NGA provides in pertinent part:

Whenever any such new schedule is filed [by a natural gas company] the Commission shall have authority . . . to enter upon a hearing concerning the lawfulness of such . . . classification, or service; and, pending such hearing and the decision thereon, the Commission, upon filing with such schedules and delivering to the natural-gas company affected thereby a statement in writing of its reasons for such suspension, may suspend the operation of such schedule and defer the use of such . . . classification, or service, but not for a longer period than five months beyond the time when it would otherwise go into effect; and after full hearings, either

curtailment plan, which absent disapproval by the FPC, would automatically be implemented within five months. The FPC did not disapprove this new temporary plan. Before the temporary plan could be implemented, however, this court ordered the reinstatement of United's original plan (modified somewhat by the court), thereby enforcing its earlier order that absent FPC compliance with section 5 within one year, it would reinstate the original plan. *Southern Natural Gas Co. v. FPC,* 543 F.2d 530 (5th Cir.1976). We expressly reserved ruling on the validity of United's section 4 filing of the temporary plan. We also directed the FPC to continue its section 5 proceedings. 543 F.2d at 533.

In 1977, we examined the validity of United's section 4 filing of the temporary plan. We held that as a section 4 filing, it was beyond the scope of the court's previous rulings related to the FPC's conduct of its section 5 proceedings. We therefore ordered, in what has been characterized by the parties as the *Southern II* mandate, that the temporary plan be implemented. *Southern Natural Gas Co. v. FPC,* 547 F.2d 826 (5th Cir.1977). Later, however, we stayed this order, reasoning that the FPC would shortly develop a permanent plan in its section 5 proceedings and that it would be too disruptive to change from United's original plan, then in place, to the temporary plan, only to change again shortly to the permanent plan devised by the FPC under section 5. *Southern Natural Gas Co. v. FERC,* 565 F.2d 871 (5th Cir.1977). We also stated, though, that if the FPC had not devised a permanent plan properly under section 5 by 1979, the parties could move to enforce the *Southern II* mandate implementing the temporary plan.

The Federal Energy Regulatory Commission (FERC), which in 1977 replaced the FPC,[4] had not devised a permanent plan properly under section 5 by 1979 and therefore moved to continue the stay of the *Southern II* mandate to allow the pipeline to continue operations under the original plan. We granted this motion, continuing the stay of the *Southern II* mandate, because the parties to the proceedings no longer wanted the temporary plan implemented and United's original plan was working well. *Southern Natural Gas Co. v. FERC,* No. 76–3914 (5th Cir. Mar. 26, 1979). We also noted that the temporary plan, meant to be implemented in 1976, was now "passe." We did not state, however, that our stay of the *Southern II* mandate implementing this temporary plan was permanent; we merely continued the stay.

In 1982, United filed a new permanent plan under section 4, which FERC approved and thus should be automatically implemented. Notwithstanding this new filing, our earlier mandate implementing United's original plan remains in effect, as well as our stay of the *Southern II* mandate. Thus, there is some confusion about which plan will control curtailment should United be required to curtail some of its gas deliveries, which as of this date it has not had to do.

To eliminate this confusion, United has moved this court to order (1) a permanent stay of the *Southern II* mandate ordering the implementation of United's temporary plan and (2) a modification of our previous order implementing United's original plan to reflect that United's new permanent plan, filed pursuant to section 4 in 1982, controls curtailment on the pipeline. We grant both motions, essentially for reasons stated in our earlier orders.

In granting the FPC's motion for an indefinite stay of the Southern II mandate in 1979, we concluded that the temporary plan was "passe" and that there was no good reason to implement it in place of

completed before or after the ... classification, or service goes into effect, the Commission may make such orders with reference thereto as would be proper in a proceeding initiated after it had become effective. If the proceeding has not been concluded and an order made at the expiration of the suspension period, on motion of the natural-gas company making the filing, the proposed change of rate, charge, classification, or service shall go into effect....

4. *See* 42 U.S.C. § 7172(a) (Supp. V 1981).

United's original plan. Those reasons are no less valid today. Therefore, we grant United's motion for a permanent stay of the *Southern II* mandate that ordered United's temporary plan be implemented.

■ In holding that United's filing of the temporary plan under section 4 should be given the effect section 4 of the NGA requires, we said that United's filing under section 4 was beyond the scope of our earlier rulings dealing with the FPC's section 5 proceedings. Since United has filed its new permanent plan pursuant to section 4, this new plan is also beyond the scope of our earlier rulings. Therefore, absent a reason not to implement the new plan, we must give effect to section 4 and allow the new plan's implementation. Mississippi Power & Light Company and New Orleans Public Service, Inc. offer one such reason in their joint motion to hold this procedure in abeyance—that they, as well as other parties, are currently challenging the validity of the new section 4 plan in a collateral proceeding, *Mississippi Power & Light Co. v. FERC*, No. 82–4444 (5th Cir. filed Nov. 1, 1982). We find this reason meritless and therefore deny their motion to hold this proceeding in abeyance pending a decision in that case. The new plan appears to be a valid section 4 filing, and therefore is unrelated to our past orders. Thus, we see no reason to stay its implementation pending its review by the *Mississippi Power & Light Co.* court. Our opinion, however, should not be interpreted as determining the validity of the new plan in any respect; the *Mississippi Power & Light Co.* court will determine that issue in due course.

SO ORDERED.